(128 App. Div. 807.)

### WILLIAMS v. CITIZENS' STEAMBOAT CO. OF TROY.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

MASTER AND SERVANT (§ 129*)—PLACE FOR WORK—INJURIES TO SERVANT—PROXIMATE CAUSE.

Where the master's superintendent had a box of freight leaned against the side of a gangway leading to defendant's steamboat, and the box fell without injuring anybody, and was again placed in position against the side of the gangway and fell, injuring a servant, any negligence in originally placing the box in such position was not the proximate cause of the accident, as it fell the first time without causing injury; and, in an action by the servant for the injury, where the jury were permitted to base their verdict either on negligence in the original placing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the box or on negligence in replacing it after it had first fallen, the verdict will be set aside, since it may have been based on negligence in originally placing the box.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

Chester and Kellogg, JJ., dissenting.

Appeal from Trial Term, Rensselaer County.

Personal injury action by Frank Williams against the Citizens' Steamboat Company of Troy, N. Y. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Rosendale & Hessberg (Murray Downs, of counsel), for appellant.

Countryman, Nellis & Du Bois (Andrew J. Nellis, of counsel), for respondent.

COCHRANE, J. This case on a former appeal is reported in 122 App. Div. 188, 106 N. Y. Supp. 975. There is on this appeal no material change in the facts. Plaintiff was injured by reason of a large box of freight falling upon him. This box was being unloaded from the defendant's steamboat in Troy. At the direction of one Vandervolgen, defendant's superintendent, it was placed in the gangway leading from the boat, and leaned up against the side of the gangway. It fell without injury to any one. Thereafter, under the direction of one Vanderheyden, the box was again placed in position against the side of the gangway. It again fell, this time injuring plaintiff.

The learned trial justice permitted the jury to base their verdict either on the negligence of Vandervolgen, the superintendent, in suffering the box to be placed in the gangway in its original position before its first fall, or on the negligence of Vanderheyden in causing it to be placed in position the second time, on the theory that Vanderheyden was superintendent in the absence of Vandervolgen, and that the latter perhaps was absent when the box was placed in position the second time. It is clear that, if the box was originally negligently placed in position, such negligence was not the proximate cause of the injury, because the box fell without injuring plaintiff. It was the second adjustment of the box which caused the injury. Placing the box in the gangway was not negligence, but the manner in which it was there placed. No one can say that it was placed at the same angle on the two occasions, or that it was similarly placed in other respects, or that the same conditions attended its fall on the two occasions, or that the same causes produced the two falls. As pointed out by this court on the former appeal, the box may have fallen because of the swaying of the boat at the dock which conveyed some motion to the box standing in the gangway, or it may have been overturned by a gust of wind. There may have been other reasons for its falling not identical on the two occasions; but whatever may have been the im-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mediate cause of the box falling on the two occasions it is very clear that Vandervolgen caused no injury by permitting the box to be placed in the gangway before its first fall, and, as the verdict may be based on such alleged negligence, it cannot stand.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except CHESTER and KELLOGG, JJ., who dissent.

CHESTER, J. (dissenting). The box which fell upon plaintiff and injured him weighed about 800 pounds, and was about 10 feet long, 8 feet wide, and a foot thick. It had been taken out from the Steamer City of Troy at its dock in that city, and had been placed, standing upon its edge, in the gangway, which was an inclined plane 11 feet wide and 20 feet long, and upon which was placed a plank platform leading from the dock to the steamer. It was first placed in the gangway under the direction of one Vandervolgen, the defendant's dock superintendent. Afterwards it was found lying flat upon its side in the gangway. It was again placed upon its edge under the direction of one Vanderheyden, who was a freight handler, and who, according to the evidence, gave directions to the other freight handlers when Vandervolgen was absent. The action is brought under the employer's liability act (Laws 1902, p. 1748, c. 600). The former judgment was reversed because the learned trial justice allowed the plaintiff to recover for the negligence of Vanderheyden while the superintendent Vandervolgen was not absent from the work, and without any proof to justify the finding that Vanderheyden was an employé whose sole or principal duty was that of superintendence. Upon the new trial the evidence was read from the case on the former appeal, and but little additional evidence was taken, so that the evidence upon this appeal is practically the same as upon the former appeal. Because of this fact, the appellant urges that, if we follow our former decision, we must reverse this judgment. I do not think so, for the simple reason that on the new trial the plaintiff under the direction of the court has not been allowed to recover for the negligence of Vanderheyden while Vandervolgen was not absent. On the trial now under review, the question was submitted to the jury whether Vandervolgen was negligent in directing the box to be originally placed in the gangway where it was placed, and also the question whether or not Vandervolgen was actually present upon the works at the time that Vanderheyden directed the replacing of the box in the gangway where Vandervolgen had first placed it. It may be assumed that the jury by their verdict have answered both these questions in favor of the plaintiff's contention. It is true that on the former appeal the first of these questions was a subject of discussion in the briefs, but in the opinion then handed down no discussion of that question appears to have been had. So I think it was entirely competent for the plaintiff on the new trial to again present the claim and for the jury to find that the act of Vandervolgen in first placing the box where he did in the gangway was negligence, and that such negligence was the proximate cause of the plaintiff's injuries.

The jury had the right to say that the superintendent in causing a box of the weight, shape, and dimensions of this one to be placed upon its edge in the gangway, where the men under him were constantly obliged to pass and repass in the prosecution of their work, and where it was liable to fall at any moment, had not exercised sufficient care to protect the men under him from the consequences of such fall, and especially not in view of the testimony that the box leaned in part against a rope tied to the gangplank, which by the movement of the boat in the water was liable to be tightened and cause the box to topple over. The direction of Vandervolgen to place the box on its side in the gangway may fairly have been regarded by Vanderheyden as a continuing authority for the latter to leave it there, and to replace it there when he found it lying on its side on the floor of the gangway, and the jury might properly have so found under the instructions of the court. Under the evidence, we may properly assume that it was replaced upon the edge by Vanderheyden in substantially the same position in which it was first placed by direction of the superintendent, and therefore that his negligence was the proximate cause of the plaintiff's injuries.

For these reasons, I vote to affirm the judgment.

KELLOGG, J., concurs.